66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Floyd PEARSON, Defenant-Appellant.
 No. 95-1042.
 United States Court of Appeals, Sixth Circuit.
 Sept. 11, 1995.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is before the court on a claim that the sentencing judge erred in imposing sentence. The facts of the case were not shared with us in the appellant's brief, and therefore we assume no error other than in the sentencing calculation.
 
 
 2
 At the sentencing hearing on December 21, 1994, the district judge sentenced the defendant, Benjamin F. Pearson, to prison for eight years followed by five years of supervised release.
 
 
 3
 On appeal, Pearson claims that the district court erred in determining the appropriate guideline range and in calculating his sentence. Specifically, Pearson contends that the court erred in calculating his sentence based on a finding that he was involved in a conspiracy to distribute between 500 and 1500 grams of cocaine or cocaine base. A finding that Pearson was involved with distributing between 500 and 1500 grams of cocaine would place him in a guideline range of between 168 and 210 months. These figures are consistent with the United State's projections in the presentence worksheet, and the worksheet containing the quantity figure and recommended offense level was attached to the plea agreement signed by both Pearson and the United States. See Worksheet A, J.A. at 27-28.
 
 
 4
 This Court has consistently held that we will not consider objections the defendant has not first presented to the district court unless the claimed error constitutes plain error. We are bound by our prior decisions in United States v. Duranseau, 19 F.3d 1117, 1123 (6th Cir.1994) (holding that defendant's failure to object to a fine range set forth in a presentence report waives the objection), and in United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995) (holding that failure to object limits appellate review to plain error). We find that the district court did not err in calculating Pearson's sentence, and cannot otherwise find in this record a specific showing of prejudice to Pearson. As a matter of fact, this record indicates that the district court ultimately departed downward from the suggested guideline range and sentenced Pearson to 96 months--virtually one-half of the lower end of the guideline range. We note further that the 96-month sentence was the exact term that defense counsel requested at the sentencing hearing. Upon this record we can find no error.
 
 
 5
 The judgment of the district court is AFFIRMED.